IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA VALENTINE,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE RANDALL,<br><br>Defendant. | 8:18CV25<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed her Complaint on January 25, 2018. ([Filing No. 1](#).) She has been given leave to proceed in forma pauperis. ([Filing No. 6](#).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

## I. SUMMARY OF COMPLAINT

Plaintiff seeks a declaratory judgment that Defendant "Judge Randall" violated her constitutional rights to due process and equal protection under the Fifth and Fourteenth Amendments. Plaintiff alleges that she filed a petition for replevin in the Douglas County District Court seeking an accounting as to how much, if any, Plaintiff yet owed to Sonny Gerber ("Gerber") for a 2007 Chrysler 300, which Plaintiff purchased from Gerber. ([Filing No. 1 at CM/ECF p.2](#).) In the course of presiding over Plaintiff's replevin action, Judge Randall "threw [Plaintiff] in jail for contempt of court . . . in violation of the maxim that you can't get a criminal sanction out of a civil proceeding." (*[Id.](#)* at CM/ECF p.1.) In addition, Plaintiff claims Judge Randall issued a warrant for her arrest on the pretext that she had refused to turn the aforementioned vehicle over to Gerber who had countersued Plaintiff in the replevin action. (*[Id.](#)* at CM/ECF p.3.) Plaintiff asks for "an injunction estopping defendant, his successors in office and all persons acting

in active concert and participation with him, from further violations of plaintiff's constitutional rights." (*Id*. at CM/ECF p.2.)

In her Complaint, Plaintiff specifically refers to the replevin action by its case number, CI16-5509. (*Id*. at CM/ECF p.3.) The state court records for this case, available to this court online, show that judgment was entered against Plaintiff on Gerber's counterclaim and Plaintiff's appeal of this judgment is currently pending. The court takes judicial notice of the state court records related to this case in *Valentine v. Gerber*, Case No. CI16-5509, Douglas County District Court of Nebraska, and the Nebraska Court of Appeals appellate case records in A-18-134. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

## II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff indicates this is a "Ku Klux Action" (filing no. 1), which, based on the conclusory allegations of the Complaint, the court construes to be an action brought under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Judicial Immunity

Plaintiff sues Judge Randall, a state district court judge, for equitable relief. Thus, the court must first consider whether Plaintiff's claims against Judge Randall are barred under the doctrine of judicial immunity.

A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). "[A] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (internal quotation omitted).

It is clear from the Complaint's allegations that neither of the two exceptions to judicial immunity apply here. Plaintiff complains only that Judge Randall lacked authority to put her in jail for contempt in the course of her civil action. However, Nebraska law is clear that jail is a permissible civil sanction for contempt where the sanction is "coercive and remedial . . . [and] the sentence is conditioned upon continued noncompliance and is subject to mitigation through compliance." *Sickler v. Sickler*, 878 N.W.2d 549, 565 (Neb. 2016). Even if Plaintiff alleged Judge Randall imposed an improper punitive criminal sanction with a determinate and unconditional sentence, *see id.*, such action would still be judicial in nature and not one taken in the complete absence of all jurisdiction.

In addition, section 1983 "precludes injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Hoffman v. Ferguson*, No. CIV. 09-5052, 2009 WL 1606736, at *2 (W.D. Ark. June 5, 2009) (quoting 42 U.S.C. § 1983). Here, Plaintiff does not allege that either of the prerequisites for injunctive relief are met. *See id.* (dismissing claims for injunctive relief against state magistrate judge because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable). Furthermore, "[e]quitable relief is not appropriate where an adequate remedy under state law exists." *Id.* at *3 (citing *Pulliam v. Allen*, 466 U.S. 522, 542 & n.22 (1984)). Plaintiff has appealed Judge Randall's judgment to the Nebraska appellate courts, and there is no indication that she will be prevented from seeking review of any civil rights claims on appeal. *See id.* ("An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.")

Based on the foregoing reasons, the court will dismiss Plaintiff's action against Judge Randall because he is immune from suit.

**B. *Younger* Abstention**

Alternatively, even if Judge Randall were not immune from suit, the court would refrain from exercising jurisdiction over Plaintiff's claims for equitable relief under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*,[] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceedings are ongoing. Second, disputes concerning state court contempt proceedings implicate important state interests. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (identifying "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions," such as state court contempt proceedings, as one of the exceptional circumstances in which a federal court should abstain from exercising its jurisdiction (internal quotation marks and citation omitted)). Third, there is no indication that the state courts could not afford Plaintiff the opportunity for judicial review of any civil rights challenges. Accordingly, the court must abstain from exercising jurisdiction over Plaintiff's claims.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (filing no. 1) is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 17th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge